(No. 34756.—

Southmoor Bank and Trust Company, Trustee, Appellant, vs. Mamie Willis et al.—(Walter R. Pichler, Exr., Appellee.)

*Opinion filed September 18, 1958—Rehearing denied Jan. 22, 1959.*

ALLAN L. BLAIR, of Chicago, for appellant.

MITCHELL A. BISHART, and STANLEY WERDELL, both of Chicago, for appellee.

ROBERT S. CUSHMAN, of Chicago, *amicus curiae*.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This appeal brings before us the question of the validity of a tax deed issued pursuant to an order of the county court of Cook County, entered in the county collector's application for judgment of sale of certain lots and lands returned delinquent for nonpayment of general taxes for the year 1952, under the 1951 amendment to section 266 of the Revenue Act of 1939. Ill. Rev. Stat. 1951, chap. 120, par. 747.

On June 27, 1956, the Interstate Bond Company filed a petition alleging the purchase of the parcel of real estate in question at such sale; that the parcel had not been redeemed and the time for redemption would expire on November 26, 1956; that all notices required by law would be given; and that prior to the entry of an order directing the county clerk to issue a tax deed, all taxes and special assessments which are due and payable would be paid, and all forfeitures and tax sales, if any, would be redeemed. The petition prayed that the court enter an order directing the county clerk to issue a tax deed conveying such real estate to petitioner, unless it was redeemed within the time and in the manner provided by law, and for writ of assistance.

Thereafter on December 6, 1956, the Interstate Bond Company filed its application for an order directing the county clerk to issue such tax deed, alleging that the time for redemption had expired; that the parcel had not been redeemed; that all taxes and special assessments which became due and payable subsequent to the sale had been paid and all forfeitures and tax sales redeemed; that all notices required by law had been given; and that petitioner had complied with all the provisions of law entitling it to a tax deed.

Pursuant to this petition, the county court, on December 6, 1956, entered an order specifically finding that petitioner had purchased the real estate at the sale of lots and lands

for the nonpayment of general taxes levied for 1952; that the time for redemption had expired without such parcel having been redeemed; "that all taxes and special assessments which became due and payable subsequent to the said sale have been paid, and all forfeitures and tax sales, if any, which occurred subsequent to the said sale have been redeemed;" and "that all notices required by law have been given and Petitioner, Interstate Bond Company, has complied with all the provisions of law entitling it to tax deed to said parcel(s) of real estate." The order concluded by adjudging that the county clerk issue to the petitioner a tax deed to such real estate.

Pursuant to this order, tax deed was issued to Interstate Bond Company, and by mesne conveyances its title and interest in this real estate was conveyed to the Southmoor Bank and Trust Company, as trustee, petitioner in this appeal. Southmoor filed a petition for writ of assistance on October 10, 1957, based on the tax deed to the Interstate Bond Company. Thereafter on November 4, 1957, defendant Margaret Johnson filed a petition for post-order relief, pursuant to section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1957, chap. 110, par. 72,) alleging that she was the owner of the premises; that back taxes for the years 1936, 1937 and 1938 had not been paid; that she had paid certain taxes subsequent to the tax sale; and that the tax sale in question was void. Southmoor moved to strike the petition of Margaret Johnson, which motion was denied; it then filed answer to the petition and the cause was heard on the petition of Southmoor for a writ of assistance, the petition of Margaret Johnson, the answer thereto, and a stipulation of the parties. The stipulation recited that all notices required by law were served upon the necessary parties; that Southmoor purchased its interest in the property in question in reliance upon a petition in which it was recited that all taxes due and payable thereon would be paid and upon the findings in the order of the county

court that Interstate Bond Company had complied with all the provisions of law entitling it to a deed; that Interstate Bond Company caused the county clerk to make a search for prior taxes, and it was there found that such taxes were paid; that the taxes for the years 1936, 1937, and 1938 were due and unpaid; and that Southmoor was a *bona fide* purchaser for value. On November 22, 1957, the county court entered an order declaring that the tax sale and deed based thereon were void, in that taxes for the years 1936, 1937, and 1938 were unpaid. Southmoor, petitioner, appealed from this order. Subsequent to the appeal, Margaret Johnson died, and her executor, Walter R. Pichler, was substituted as defendant-appellee in this court and is herein referred to as defendant.

Petitioner and *amicus curiae* contend that the order of the county court directing the issuance of the tax deed cannot be collaterally attacked in this manner; and that defendant cannot attack petitioner's title since petitioner purchased its interest in such realty in good faith and in reliance upon the record of the court finding that all prior taxes had been paid. Defendant urges that section 72 of the Civil Practice Act affords a procedure whereby the county court had jurisdiction to set aside its prior order for the reason that it contravened the Revenue Act.

In 1951 the legislature amended the Revenue Act and provided in section 266 that: "Tax deeds issued pursuant to this section shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." (Ill. Rev. Stat. 1953, chap. 120, par. 747.) The above quoted language was retained in this section, as amended in 1957. (Ill. Rev. Stat. 1957, chap. 120, par. 747.) The legislative history and purpose of the 1951 amendments to the Revenue Act were fully considered in *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447.

The Civil Practice Act was amended and revised by the legislature in 1955, and section 72 thereof established a procedure for obtaining relief from final orders, judgments and decrees. (Ill. Rev. Stat. 1955, chap. 110, par. 72(1)-(7) incl.) Subsection (1) abolished all writs of error *coram nobis* and *coram vobis,* writs of *audita querela,* bills of review and in the nature of a bill of review, and combined into a single petition the various post-judgment and decree remedies heretofore available in legal, equitable and statutory proceedings under such writs and bills. Subsection (2) provided that the petition shall be filed in the same proceeding in which the order, judgment or decree was entered, but that it is not a continuation thereof; and that notice shall be given to all parties to the petition as provided by Rule 7—2, but new process need not issue. (Ill. Rev. Stat. 1955, chap. 110, par. 101.7—2.) Subsections (3) and (4) provided that the petition must be filed not later than 2 years after the entry of the order, judgment or decree, and that the filing of the petition does not affect the order, judgment or decree, or suspend its operation. Subsection (5) provided that unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order, judgment or decree pursuant to this section will not affect the right, title or interest in or to any property of any person, not a party to the original action, acquired for value after the entry of the order, judgment or decree, but before the filing of the petition. This subsection is confirmatory of prior decisions of this court. (See *Lake* v. *Tomes,* 405 Ill. 295; *Vyverberg* v. *Vyverberg,* 310 Ill. 599.) Subsection (6) authorized an appeal from any order granting or denying the relief prayed in the petition, and subsection (7) preserved the right to secure relief, at any time, from a void order, judgment or decree. See Historical and Practice Notes, Albert E. Jenner, Jr., and Philip W. Tone, Smith-Hurd Ill. Anno. Stat. chap. 110, par. 72.

We are required to construe the provisions of section 266 of the Revenue Act, (Ill. Rev. Stat. 1953 and 1957, chap. 120, par. 747,) which provide for the incontestability of tax deeds except by appeal from the order of the county court directing their issuance and for its liberal construction to promote merchantability, with the total provisions of section 72 of the Civil Practice Act. This presents a delicate problem of construction.

It is apparent that section 266 of the Revenue Act and section 72 of the Civil Practice Act relate to the same thing, subject or object—the contestability and validity of an order providing for the issuance of a tax deed. Such statutes are *in pari materia* although they were enacted at different times. In *People ex rel. Bell* v. *New York Central Railroad Co.* 10 Ill.2d 612, at page 621, in quoting from *People ex rel. Harrell* v. *Baltimore and Ohio Railroad Co.* 411 Ill. 55, at page 59, we stated: "It is a primary rule of statutory construction that not only should the intention of the legislature be deduced from a view of the whole statute and from its every material part, but statutes *in pari materia* should be construed together." The primary object of statutory construction is to ascertain and give effect to legislative intent and in determining such intent we may consider the reason or necessity for the enactments, contemporaneous conditions, existing circumstances and the objects sought to be obtained by the legislation. *Cherin* v. *R. & C. Company,* 11 Ill.2d 447; *People ex rel. Bell* v. *New York Central Railroad Co.* 10 Ill.2d 612; *Petterson* v. *City of Naperville,* 9 Ill.2d 233.

In the light of the legislative purpose as manifested in these statutes, considered with reference to the reason for the enactments, we conclude that the legislature desired to render tax titles incontestable except by direct appeal, subject to the provisions of section 72 of the Civil Practice Act, whereby a uniform procedure was established for obtaining

relief from all final orders, judgments and decrees within its purview.

In the case at bar, the defendant Margaret Johnson filed petition under section 72 of the Civil Practice Act and therein alleged the failure of Southmoor to pay back taxes for the years 1936, 1937, and 1938. This was in issue before the county court and was necessarily passed upon at the time of the entry of its order directing the issuance of tax deed. The petition for such order averred and the order found that petitioner "has complied with all the provisions at law entitling it to a tax deed to said parcel(s) of real estate." The error with reference to the 1936, 1937, and 1938 taxes was not apparent upon the face of the record in the tax deed proceeding, but rather was one which was first brought to the attention of the court in the petition for post-trial relief and from evidence then offered in the case. Under such circumstances, the former bill of review or bill in the nature of a bill of review would afford no relief since the error was not apparent upon the face of the record. (*Collins* v. *Collins,* 14 Ill.2d 178.) While the common-law writ of error *coram nobis* was heretofore used to correct errors of fact not appearing in the record, which, if known to the court at the time the judgment was entered, would have prevented its rendition, (*Merkie* v. *People, post* 539, (Nov. term, 1958); *Ephraim* v. *People,* 13 Ill.2d 456; *Glenn* v. *People,* 9 Ill.2d 335,) that remedy was not available to review questions of fact arising upon the pleadings or to contradict findings which appeared on the face of the judgment. It was only concerning matters where the judgment itself was silent, in which the court could entertain such writ. (*People* v. *Noonan,* 276 Ill. 430; *Jacobson* v. *Ashkinaze,* 337 Ill. 141.) Its statutory substitute, section 72 of the Civil Practice Act, cannot be used to again put in issue questions previously adjudicated by valid means, (*Ephraim*

v. *People,*) and cannot be used to set aside an order, judgment or decree which will affect the right, title or interest in or to any property of any person, not a party to the original action, acquired for value after the entry of the order, judgment, or decree, but before the filing of such petition, unless lack of jurisdiction affirmatively appears from the record proper. (Ill. Rev. Stat. 1955, chap. 110, par. 72(5).) Consequently, the prior finding of the county court of compliance with all the provisions of law entitling petitioner to a tax deed could not, even in the absence of a third party purchaser, be disputed in this proceeding. And since it is stipulated that Southmoor was a *bona fide* purchaser for value, such circumstance, as well as the fact that failure to pay such taxes is not a jurisdictional defect, precludes relief under section 72. *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447.

It follows that the petition of defendant Margaret Johnson should have been stricken, and a writ of assistance issued on petition of the Southmoor Bank and Trust Company, as trustee. The judgment of the county court is therefore reversed and the cause remanded, with directions to proceed in accordance with the views expressed herein.

*Reversed and remanded, with directions.*