(No. 36643.—
ELIZABETH FREISINGER *et al.*, Appellants, *vs.* INTERSTATE BOND COMPANY *et al.*, Appellees.

*Opinion filed January 23, 1962.*

CARROLL & LEALI, of Woodstock, for appellants.

ALLAN L. BLAIR, and MAC LEISH, SPRAY, PRICE & UNDERWOOD, both of Chicago, (ROBERT S. CUSHMAN, and JOHN J. O'BRIEN, of counsel,) for appellees.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Plaintiffs brought a suit in equity in the circuit court of McHenry County to recover title and equities in certain land of which they had allegedly been deprived by a fradulent tax-deed proceeding. The trial court dismissed the suit on motion of one of the defendants. Plaintiffs have appealed from the order of dismissal. A freehold is involved.

Since the complaint filed in the circuit court is based upon alleged fraud in connection with the tax-deed proceedings in the county court, an understanding of the issues presented by this appeal requires a brief summary of the underlying proceedings in the county court.

On October 1, 1957, the county court entered an order directing the sale of all lots and lands returned delinquent for nonpayment of 1956 general real-estate taxes. The property which is the subject of the present suit was included in this order. Pursuant to that order, the subject property was sold on October 21, 1957, to defendant, Interstate Bond Company, for unpaid 1956 taxes, and a certificate of purchase issued therefor. The period of redemption, which normally would have expired on October 21, 1959, was extended to August 16, 1960, pursuant to section 263 of the Revenue Act. Ill. Rev. Stat. 1959, chap. 120, par. 744.

On April 11, 1960, Interstate Bond Company filed a petition in the county court for an order directing the issuance of a tax deed. The petition alleged that Interstate Bond Company was owner of a certificate of purchase for the property, that the extended period of redemption would

expire on August 16, 1960, and that, in case no redemption was made, petitioner would apply to the court for an order directing the issuance of a tax deed and also for writ of assistance to put purchaser in possession. Because no party entitled to personal service of notice was found in the county, notice of the expiration of the period of redemption and that Interstate Bond Company intended to apply for an order directing the issuance of a tax deed on August 29, 1960, was served by publication in the Crystal Lake Herald. A copy of the notice was also mailed by registered mail to Frank Freisinger and Elizabeth Freisinger, the record title holders and the parties in whose name the taxes were last assessed, to their last known address as indicated by the tax rolls.

On August 29, 1960, an application was made in the county court for the issuance of a tax deed. The application was supported by affidavits showing that the property had been unoccupied during the notice period, and that Frank and Elizabeth Freisinger, the owners of record and the parties in whose name the taxes were last assessed, who were both nonresidents of McHenry County, were duly served by publication and that registered letters were sent to them containing copies of the notice. Thereafter, on the same date, the county court entered an order, which, among other things, found "that all notices required by law have been given and petitioner, Interstate Bond Company, has complied with all the provisions of law entitling it to a tax deed to the said parcel of real estate," and directed the county clerk to issue a tax deed to Interstate Bond Company. The order also directed the issuance of a writ of assistance to put the company in possession of the property. A tax deed was then issued to Interstate Bond Company, which, on October 6, 1960, conveyed the property to The John Allan Company, the other defendant in the present suit.

On October 20, 1960, The John Allan Company filed a

petition in the county court alleging that it had acquired Interstate Bond Company's interest in the property and requesting the court to issue a writ of assistance to put it in possession thereof. On the same day, the court issued an order granting the writ. On October 31, 1960, Seaborn Davis and Katherine Davis, two of the plaintiffs in the present suit, filed a motion to quash the writ of assistance, alleging, among other things, that they were in possession of the subject premises prior to the filing of the petition for a tax deed and that the required statutory notices were not served upon them. Interstate Bond Company filed an answer to this petition, denying the material allegations thereof and setting forth several affirmative defenses. On November 3, 1960, the county court, after a hearing, denied the motion to quash the writ.

Thereafter, on November 16, 1960, plaintiffs filed the present suit in the circuit court of McHenry County. The complaint alleges that plaintiff, Elizabeth Freisinger is owner of the subject premises, and that plaintiffs, Seaborn Davis and Katherine Davis are contract purchasers; that Seaborn Davis and Katherine Davis were in possession of the subject property during the notice period and that they did not receive notice according to the provisions of the Revenue Act; that Frank and Elizabeth Freisinger did not receive notice by registered mail of the application for a tax deed; that the affidavit of Interstate Bond Company in the tax deed proceeding was false and fraudulent; and that The John Allan Company had knowledge of the fraud. The complaint prayed that the tax deed to Interstate Bond Company and the mesne conveyance to The John Allan Company be set aside as clouds upon the title of plaintiff Freisinger and impediments to the equities of plaintiffs Davis.

Defendant Interstate Bond Company filed an answer denying the material allegations of the complaint and also containing affirmative matter supporting the allegations of

the affidavit used in the tax-deed proceeding. The other defendant, The John Allan Company, filed a motion to dismiss, supported by appropriate affidavits and exhibits, on the grounds that (1) the issues raised are *res judicata,* having been decided by the county court in denying the motion to quash the writ of assistance, (2) that the circuit court was without jurisdiction to set aside a tax deed, (3) that, since defendant is in possession of the property, a quiet-title suit is an inappropriate form of action, and (4) that the complaint failed to state a cause of action.

After a hearing, the circuit court struck the complaint and ordered the cause dismissed, finding that the proper forum for the suit was the county court of McHenry County and that the circuit court was without jurisdiction to hear the matter, and also finding that the complaint did not state grounds for equitable relief as the plaintiffs had an adequate remedy at law. The present appeal is from this order.

We are confronted at the outset by the provision of section 266 of/the Revenue Act which states that tax deeds issued pursuant to that section "shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed." (Ill. Rev. Stat. 1959, chap. 120, par. 747.) This section, by its literal terms, would appear to be an effective bar to the present suit. We have held that the above-quoted provision of section 266 of the Revenue Act must be construed in connection with section 72 of the Civil Practice Act and that, under proper circumstances, relief from the order of the county court directing the issuance of a tax deed is available under section 72. (*Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388; *Shapiro* v. *Hruby,* 21 Ill.2d 353; *Remer* v. *Interstate Bond Co.* 21 Ill.2d 504.) In *Southmoor Bank and Trust Co.* v. *Willis,* we reviewed at some length the background and purpose of the 1951 revision of section 266 of the Revenue Act as well as the 1955 revision of

section 72 of the Civil Practice Act, and concluded (15 Ill.2d 388, at 394-5) : "In the light of the legislative purpose as manifested in these statutes, considered with reference to the reason for the enactments, we conclude that the legislature desired to render tax titles incontestable except by direct appeal, subject to the provisions of section 72 of the Civil Practice Act, whereby a uniform procedure was established for obtaining relief from all final orders, judgments and decrees within its purview."

The view announced in the *Southmoor Bank* case was followed in our recent decision in *Remer v. Interstate Bond Company,* 21 Ill.2d 504, where we held that, under appropriate allegations charging fraud in connection with a tax-deed proceeding, a petition was entitled to a hearing under section 72 of the Civil Practice Act.

From the statutory provisions and the prior decisions of this court, it appears that tax deeds issued pursuant to section 266 of the Revenue Act are incontestable except on direct appeal or, in an appropriate case, by a proceeding under section 72 of the Civil Practice Act.

Section 72 of the Civil Practice Act expressly provides that a petition thereunder for relief from a final order, judgment or decree "must be filed in the same proceeding in which the order, judgment or decree was entered but is not a continuation thereof." Since the petition under section 72 must be filed in the same proceeding in which the order from which relief is sought was ordered, it necessarily follows that it must be filed in the same court which entered the order. In the case of a tax-deed proceeding, this is, of course, the county court. Thus, the circuit court was correct in finding that the proper forum for the present suit is the county court.

We do not understand the plaintiffs to question the general correctness of the foregoing interpretation of the applicable statutory provisions. They contend, however, that under the particular facts of this case, the statutes

should not be construed to deprive the circuit court of jurisdiction to entertain their complaint. Plaintiffs' argument at this point is based upon the following four propositions: (1) that under the constitution the circuit courts are courts of general jurisdiction in all cases of law and equity, (2) that fraud is a recognized ground of equitable jurisdiction, (3) that the legislature cannot deprive the circuit courts of jurisdiction to grant relief from fraud unless an adequate statutory remedy is provided (*Peoples Gas Light and Coke Co.* v. *Slattery,* 373 Ill. 31, 42), and (4) that section 72 of the Civil Practice Act is ineffective to afford plaintiffs relief against defendant The John Allan Company. Assuming the validity of the first three propositions, the soundness of plaintiffs' argument is dependent upon the validity of their assertion that section 72 of the Civil Practice Act does not afford them an adequate statutory remedy.

Plaintiffs contend that even if they were successful in securing the vacation of the order directing the issuance of the tax deed in a proceeding under section 72 of the Civil Practice Act, this would not give them relief against defendant The John Allan Company, because of subsection (5) of section 72, (Ill. Rev. Stat. 1959, chap. 110, par. 72) which reads as follows: "Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order, judgment or decree pursuant to the provisions of this section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order, judgment or decree but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order, judgment or decree."

Plaintiffs argue that subsection (5), by its terms, is not limited to "*bona fide* purchasers" but extends to all cases

where any person, not a party to the original action, acquired the property for value after the entry of the order, regardless of whether or not the acquisition was in good faith. Thus, even though plaintiffs allege that The John Allan Company had knowledge of the fraud allegedly committed by Interstate Bond Company, they argue that The John Allan Company might have given value for the conveyance from Interstate Bond Company, and that, in such case, subsection (5) would prevent plaintiffs from obtaining relief under section 72. We think, however, that the language of subsection (5) must be read in the light of the purpose of the 1955 revision of section 72, which was to make available in a single proceeding all post-judgment relief theretofore obtainable. In the light of this purpose, it would be anomalous if subsection (5) were construed in such a manner as to deny relief against a subsequent purchaser who had knowledge of the fraud and who did not take in good faith. That subsection (5) is intended to protect only *bona fide* purchasers is indicated by the official comments of the joint committee of the Illinois State and Chicago bar associations, which prepared the 1955 revision of the Civil Practice Act and submitted the same to the General Assembly. With regard to subsection (5) the Joint Committee Comments state: "This subsection is intended to protect a *bona fide* purchaser of property from the effects of an order setting aside a judgment or decree affecting the title to property if he was not a party to the original proceeding, when lack of jurisdiction does not affirmatively appear from the record proper. *Bona fide* purchasers have long been protected in such cases, the courts having held that such purchasers 'may rely upon the decree the same as any other stranger to the adjudication.' *Vyverberg v. Vyverberg,* 310 Ill. 599, 142 N.E. 191 (1924). This subsection is merely confirmatory of these decisions and is included to promote the merchantability of property affected by court judgments and decrees. Simi-

lar language appears in another connection in former section 76(1)." Smith-Hurd Illinois Annotated Statutes, chap. 110, par. 72, p. 771.

We conclude, therefore, that the protection afforded certain persons not parties to the original action by subsection (5) of section 72 is limited to *bona fide* purchasers for value. Plaintiffs' claim that section 72 does not afford an adequate remedy is, therefore, without merit. In this connection, it should be noted that section 72, after abolishing certain older forms of post-judgment relief, provides: "All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered. There shall be no distinction among actions at law, suits in equity and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable." (Ill. Rev. Stat. 1959, chap. 110, par. 72.) In view of these broad provisions as to the scope of relief available under section 72, it is apparent that all the relief formerly available, including that available in a court of equity, can now be obtained under section 72 of the Civil Practice Act. If plaintiffs can show themselves entitled to any relief, that relief is available in a proceeding in the county court under section 72 of the Civil Practice Act, and they are not entitled to invoke the equitable jurisdiction of the circuit court on the ground that the relief afforded under section 72 is inadequate. The trial court correctly found that it was without jurisdiction.

It does not follow that, when the trial court correctly determined that it was without jurisdiction and that the proper forum was the county court of McHenry County, the cause should have been dismissed. Section 10 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 10)

provides that "Whenever it appears that an action has been commenced in a court which does not have jurisdiction to determine the action, the court shall, at any time, upon its own motion or upon the motion of any party, order the cause transferred to a court of competent jurisdiction in a proper venue." Even though no motion for transfer was made, the circuit court, upon determining its own lack of jurisdiction, should, on its own motion, have ordered the cause transferred to the county court.

The decree of the circuit court of McHenry County, insofar as it found that the proper forum is the county court of McHenry County and that the circuit court is without jurisdiction to hear the suit, is affirmed. The decree, insofar as it orders the suit dismissed, is reversed, and the cause remanded with directions to the circuit court to order the cause transferred to the county court of McHenry County, there to be treated as a proceeding under section 72 of the Civil Practice Act.

*Affirmed in part and reversed in part and remanded, with directions.*