(No. 37159.

THE PEOPLE *ex rel.* Russel V. Wright, County Collector *et al., vs.* JOHN DOE *et al.*—(MYRNA BRANDOW *et al.,* Appellants *vs.* INTERSTATE BOND COMPANY *et al.,* Appellees.)

*Opinion filed November 30, 1962.*

CARR, CARR & CARR, of Ottawa, for appellants.

ALLAN L. BLAIR, of Chicago, and JOHN A. McNAMARA, of Marseilles, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from an order of the county court of La Salle County dismissing a petition under section 72 of

the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 72,) seeking relief from an order directing the issuance of a tax deed. A freehold is involved.

In October, 1958, the 1957 tax judgment sale, redemption and forfeiture record was filed in the county court of La Salle County. Thereafter, the county court entered an order directing the sale of all lands and lots returned delinquent for the nonpayment of 1957 general taxes. The property which is the subject of the present suit was included in that order. On October 20, 1958, the subject property was sold to Interstate Bond Company for unpaid 1957 taxes, and a certificate of purchase was issued. Subsequently, Interstate Bond Company paid the 1958, 1959 and 1960 taxes accruing on the property.

The period of redemption, which normally would have expired on October 20, 1960, was extended to August 15, 1961, pursuant to section 263 of the Revenue Act. (Ill. Rev. Stat. 1959, chap. 120, par. 744.) On April 20, 1961, Interstate Bond Company filed a petition in the county court for an order directing the issuance of a tax deed. On August 30, 1961, the county court entered an order, which, among other things, contained the finding: "That all notices required by law have been given and that petitioner, Interstate Bond Company, has complied with all the provisions of law entitling it to a tax deed to the said parcel(s) of real estate." The order directed the county clerk to issue a tax deed to Interstate Bond Company and directed the issuance of a writ of assistance to put the company in possession of the property.

On September 22, 1961, Interstate Bond Company conveyed its interest in the property to The John Allan Company. On September 26, 1961, following notice to Myrna Brandow, The John Allan Company filed a petition for an order directing the issuance of a writ of assistance. On the same date, September 26, 1961, the county court entered an order directing that a writ of assistance be issued to place

The John Allan Company in possession of the property. The order contained, among other things, a finding "that the said John Allan Company is a *bona fide* purchaser which purchased its interest in reliance on the record in this proceeding."

Thereafter, on November 8, 1961, Myrna Brandow and Edward C. Brandow filed a petition in the county court under section 72 of the Civil Practice Act praying that the tax deed be set aside. The petition alleged, among other things, that the affidavit filed by Interstate Bond Company in the tax deed proceeding to the effect that notice had been served on Myrna Brandow was false and fraudulent and that no notice was ever had upon either petitioner; that The John Allan Company is not a good faith purchaser, but that the deed to it is a subterfuge to create the appearance of good faith purchase and to forestall any attempt to have the tax deed to Interstate Bond Company set aside; and that the proceedings preliminary to the issuance of a tax deed were defective in that they contained a substantial error in the description of the property.

The John Allan Company filed a verified motion to strike and dismiss the petition, supported by an accompanying affidavit and containing several alternative points. The first point moved to strike and dismiss the petition on the ground that The John Allan Company had, by the order of September 26, 1961, been found to be a *bona fide* purchaser and thus no attack could be made on its title under section 72 of the Civil Practice Act. Point II asserted the claim that the order of August 30, 1961, finding that all notices required by law had been given and that Interstate Bond Company had complied with all the provisions of law entitling it to a tax deed, and the order of September 26, 1961, finding The John Allan Company to be a *bona fide* purchaser, are *res judicata*. Point III referred to section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1961, chap. 120, par. 747) providing that tax deeds issued pursuant thereto are incon-

testable except by direct appeal from the order of the county court directing the clerk to issue a tax deed, and alleged that the petition is a collateral attack on that order and cannot be sustained. Point IV alleged that the petition failed to state a cause of action and set forth certain inaccuracies in the allegations of the petition.

Thereafter, on December 6, 1961, the county court entered an order sustaining the motion to strike and dismiss. In its order, the trial court referred to our decisions in *Southmoor Bank and Trust Co.* v. *Willis,* 15 Ill.2d 388, and *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, and interpreted these decisions as holding that section 72 of the Civil Practice Act is not available to raise the questions sought to be raised by the petition. The court also referred to the order finding The John Allan Company to be a *bona fide* purchaser, and stated that petitioner had had many chances to attack the validity of the proceedings and to move to set aside the order or to attack its validity in the first place. The court said that the only purpose that would be served by actually holding a hearing on the petition would be to afford the petitioner, Myrna Brandow, an opportunity to state that she did not receive notice in April, 1961, and that even if she so testified and her testimony were believed, "it still would not confer jurisdiction upon this court, in this proceeding, to set aside the tax deed in question, or to give any other relief requested by the petitioner." Accordingly, the court concluded "that no real purpose would be served by holding a hearing on the merits of said petition" and allowed the motion to strike and dismiss. It is from this order that the present appeal is taken.

In a series of recent decisions from *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, to *Freisinger* v. *Interstate Bond Co.* 24 Ill.2d 37, we have had occasion to consider the effect of the provision of section 266 of the Revenue Act which states that tax deeds issued pursuant to that section "shall be incontestable except by appeal from the order of

the county court directing the county clerk to issue the tax deed." Ill. Rev. Stat. 1961, chap. 120, par. 747.

In *Cherin* v. *The R. & C. Company,* 11 Ill.2d 447, we upheld the validity of two tax deeds that were challenged by petitions filed more than 30 days after the entry of the orders directing the issuance of the tax deeds. The trial court in the present case and the appellees quote language from our opinion in the *Cherin* case which, viewed in isolation, might be interpreted as indicating that a finding in an order directing the issuance of a tax deed to the effect that all notices required by law had been given can under no circumstances be attacked after the expiration of 30 days after the entry of the order. An examination of our entire opinion in the *Cherin* case reveals, however, that the decision is not authority for so broad a proposition. The attack upon the tax deeds in the *Cherin* case was based not upon the ground that no notice had been given but, rather, upon the ground that certain recitals in the applications for the deeds were technically defective and that there was an error in the affidavit of publication. The case was decided not upon a motion to dismiss, but after a hearing following the filing of an answer to the petition. The answer affirmatively alleged that notice had been served upon the tenants of the petitioners, who were in possession of the property, and that diligent inquiry had been made to find the residence of the petitioners who were the owners of the property in question. We pointed out that these allegations were undenied by the petitioners and that such service is, under the statute, the equivalent of service on the owner, and that, such notice having been made, neither publication nor affidavit thereof was required. (11 Ill.2d 447, 455.) Since we found in *Cherin* that the required statutory notice had in fact been given, the case is not authority for the proposition that an order directing the issuance of a tax deed may not be attacked more than 30 days after its entry when no notice was in fact given. Neither is it authority for the proposition

that the fact that a petition is filed more than 30 days after the entry of an order makes it *ipso facto* vulnerable to a motion to dismiss. Moreover, the petitions in the *Cherin* case were filed before the effective date of the 1955 amendments to the Civil Practice Act, which made extensive and fundamental changes in section 72, and there was, therefore, no occasion for us to consider the possible effect of such changes.

In *Southmoor Bank and Trust Company* v. *Willis*, 15 Ill.2d 388, we reviewed the background and purpose of the 1951 revision of section 266 of the Revenue Act as well as the 1955 revision of section 72 of the Civil Practice Act and concluded: "In the light of the legislative purpose as manifested in these statutes, considered with reference to the reason for the enactments, we conclude that the legislature desired to render tax titles incontestable except by direct appeal, *subject to the provisions of section 72 of the Civil Practice Act, whereby a uniform procedure was established for obtaining relief from all final orders, judgments and decrees within its purview.*" (Emphasis supplied.) 15 Ill.2d 388, 394-5.

Thus, in *Southmoor Bank and Trust Company* v. *Willis*, 15 Ill.2d 388, we clearly indicated that section 72 of the Civil Practice Act is available to afford relief from tax deed orders when facts establishing the right to such relief are alleged and proved. In the *Southmoor* case, the tax deed was attacked, not for lack of proper notice, but upon other grounds. In fact, the petition was heard upon a stipulation in which it was conceded that all notices required by law were served upon the necessary parties, and that the grantee of the original tax deed holder was a *bona fide* purchaser. Under these circumstances, we held that the county court had properly denied relief, saying that section 72 of the Civil Practice Act "cannot be used to again put in issues questions previously adjudicated by valid means, [citation] and cannot be used to set aside an order, judgment or decree which

will affect the right, title or interest in or to any property of any person, not a party to the original action, acquired for value after the entry of the order, judgment, or decree, but before the filing of such petition, unless lack of jurisdiction affirmatively appears from the record proper." (15 Ill.2d 388, 395-6.) The present respondents rely upon this language to sustain the dismissal of the petition in the present case. We believe, however, that the quoted language must be read in the light of the facts in the *Southmoor* case, where both the giving of the required notices and the good faith of the subsequent purchaser were conceded by the petitioner, and that the case is not authority for the summary dismissal of the present petition.

In our recent decision in *Remer* v. *Interstate Bond Co.* 21 Ill.2d 504, we squarely held that a petition containing appropriate allegations charging fraud in connection with a tax deed proceeding was entitled to a hearing under section 72 of the Civil Practice Act, and, still more recently, in *Freisinger* v. *Interstate Bond Co.* 24 Ill.2d 37, we reviewed our previous decisions and reaffirmed our view as to the availability of relief under section 72. In the *Freisinger* case, a proceeding was commenced in the circuit court to set aside a tax deed, and the circuit court dismissed the suit on the ground that it lacked jurisdiction and that the proper forum was the county court. On appeal we agreed with the conclusions of the circuit court, but held that, instead of dismissing the suit, it should, in accordance with section 10 of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 10), have ordered the cause transferred to the county court, there to be treated as a proceeding under section 72 of the Civil Practice Act. The same two corporations which are respondents now were defendants in the *Freisinger* case. In the earlier case, in arguing that the circuit court was without jurisdiction they urged that the appropriate procedure was a petition in the county court under section 72 of the Civil Practice Act, and that section 72 afforded a complete and

adequate remedy. We do not suggest that any impropriety or any element of estoppel is involved in respondents' use of inconsistent contentions in the two cases. We do believe, however, that their arguments in the previous case in favor of the availability of relief under section 72 are more persuasive than their present arguments against the availability of that section.

Here the petition alleged, among other things, that the affidavit filed in the tax deed proceeding to the effect that notice had been served upon Myrna Brandow on April 23, 1961, was false and fraudulent, and that no service was had upon either petitioner on that date or at any other time. This allegation sufficiently alleged grounds for relief under section 72, and entitled petitioners to a hearing on the merits unless there is something in the record that would preclude such relief as a matter of law.

The motion to dismiss also alleged that the finding in the order of September 26, 1961, directing the issuance of a writ of assistance to the effect that The John Allan Company is a *bona fide* purchaser which acquired its interest in reliance upon the tax deed proceeding is *res judicata* and was in itself grounds for dismissal of the petition under section 72. Even if it were admitted, which is not the case here, that The John Allan Company was a *bona fide* purchaser, this would mean only that any relief granted against Interstate Bond Company would not affect the title to such *bona fide* purchaser. It would not afford grounds for dismissing the entire proceeding or for denying relief against Interstate Bond Company. Section 72 does not say that no relief can be had thereunder if the property has been transferred to a *bona fide* purchaser. It says: "Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order, judgment or decree pursuant to the provisions of this section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after

the entry of the order, judgment or decree but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order, judgment or decree." (Ill. Rev. Stat. 1959, chap. 110, par. 72.) Thus, even if there were a conclusive adjudication that the property is held by a *bona fide* purchaser, that would afford no ground for dismissing the petition. If the petitioner were found entitled to relief against Interstate Bond Company, it should be possible for the court to frame its order in such manner as to afford relief against the original holder of the tax deed, while protecting the rights of a *bona fide* purchaser.

We do not, however, agree with the contention that the finding in the order awarding a writ of assistance is *res judicata* on the issue of whether The John Allan Company is a *bona fide* purchaser. While the allegation is that Myrna Brandow was served with notice of the petition for a writ of assistance, the record is not clear that she had notice that The John Allan Company intended to seek an adjudication that it was a *bona fide* purchaser. The petition for a writ of assistance appears nowhere in the record before us. In any event, the order directing the issuance of the writ of assistance can properly be regarded as *res judicata* only with respect to such matters as it was necessary for the court to decide in determining that The John Allan Company was entitled to a writ of assistance. In order to justify the issuance of the writ it was necessary to determine only that The John Allan Company was the successor in interest to the original grantee of the tax deed. The superfluous finding that The John Allan Company was a *bona fide* purchaser involved a matter not properly in issue and was neither necessary nor appropriate to the order. It is, therefore, not *res judicata,* and affords no grounds for the dismissal of the petition.

The verified motion to dismiss also alleged that, in addition to the notices required by law, petitioners received

notice of the tax sale from Interstate Bond Company by letters informing them of the tax sale and urging their redemption. The trial court appears to have been influenced by this allegation, since, in its order, it referred to this matter and seems to have assumed that receipt of these notices was undenied by the petitioners. The precise nature and content of these alleged letters is not disclosed by the record, and it cannot, therefore, be assumed that they were an effective substitute for the required statutory notice or that they were sufficient to estop petitioners from questioning the adequacy of the notice. Moreover, since the petition, which was properly verified, alleged that no service of notice "was ever had upon either petitioner on the 23rd day of April, 1961, or at any other time," it cannot be said that the allegations of the motion to dismiss were not denied by the petitioners, nor can they be accepted as undisputed and true. At most, they raised a disputed issue of fact, which could not properly have been determined on motion to dismiss.

We believe that the allegations of the petition stated grounds for relief under section 72 of th Civil Practice Act, and that the trial court erred in allowing the motion to strike and dismiss. The order of the county court of La Salle County allowing the motion to strike and dismiss is reversed, and the cause is remanded, with directions to overrule such motion, and for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*