FORD CITY BANK & TRUST COMPANY, Plaintiff-Appellee, *v.* FORD CITY BANK & TRUST CO., *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 81—2149

Opinion filed September 21, 1982.—Rehearing denied November 23, 1982.

Malato & Stein, P.C., of Chicago (Robert S. Minetz and Sarah S. Hirsen, of counsel), for appellant Thomas Pankow.

Schwartz & Freeman, of Chicago (Richard C. Jones, Jr., and Fred L. Drucker, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Defendant, Thomas Pankow, a beneficiary of an Illinois land trust (identified as Ford City Bank & Trust Co. Trust No. 2399), appeals the trial court's order denying his petition to vacate the court's earlier order approving a sheriff's sale of the trust property to the sole bidder, plaintiff Ford City Bank & Trust Co. (Ford City Bank), which was also the trustee of the subject property. For the reasons hereinafter stated, we reverse the trial court's order denying Pankow's petition and remand the cause to the trial court with directions.

On August 8, 1978, plaintiff, Ford City Bank, conveyed certain unimproved real estate located in Justice, Illinois, to Ford City Bank, as trustee under trust No. 2399. The beneficiaries of this Illinois land trust were Thomas Pankow and other parties not involved in this appeal. The beneficiaries directed their trustee, Ford City Bank, as purchaser, to execute an installment note in the amount of $195,000 payable to Ford City Bank, as seller, together with a trust deed conveying the property to the bank as security for repayment of the loan. The loan was also personally guaranteed by the individual beneficiaries of the trust.

The beneficiaries defaulted and Ford City Bank filed a complaint to foreclose the mortgage. The trial court, with the consent of defendant's attorney, entered a decree of foreclosure and sale which specifically gave Ford City Bank the right to purchase the property at a public sheriff's sale held on October 28, 1980. Neither defendant nor his counsel, who was given notice of the sale, appeared at the sale. The property was sold for $40,000 to Ford City Bank, the only party to submit a bid.

On December 24, 1980, the trial court approved the sheriff's report of sale and distribution and found that there was a remaining deficiency of $153,020.34. No evidence of the property's value was presented to the court. Anthony R. Piazza, a judgment creditor of another beneficiary of trust No. 2399, redeemed the property from the sheriff's sale on January 31, 1981, and received a sheriff's deed on February 26, 1981.

In the course of representing defendant Pankow against Ford City Bank's subsequent action to collect the deficiency, defendant's counsel, on June 5, 1981, obtained from the bank an appraisal dated October 27, 1971, which estimated the market value of the subject property, if improved with four proposed 120-unit apartment buildings, at $500,000. On July 2, 1981, defendant filed a petition to vacate the order approving the sheriff's report of sale and distribution. The petition claimed that the price bid by the bank, $40,000, was grossly inadequate and that neither defendant nor his counsel was aware of the October 27, 1971, appraisal until June 1981. On August 14, 1981, the trial court denied defendant's petition to vacate.

On appeal defendant argues that the trial court erroneously denied his petition to vacate the court's order approving the sheriff's sale of the property. The petition was brought under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 72, now codified as section 2—1401 of the Code of Civil Procedure, Ill. Rev. Stat. 1981, ch. 110, par. 2—1401.) To be entitled to section 72 relief, a petitioner must show a meritorious claim or defense which could not have been discovered through the exercise of reasonable diligence.

■ On the basis of the record before us, we have serious doubts regarding defendant's diligence in discovering the asserted inadequacy of the bid. (See *Bankers Trust Co. v. Chicago Title & Trust Co.* (1980), 89 Ill. App. 3d 1014, 1021-22, 412 N.E.2d 660.) However, "[j]ustice and good conscience may require that a judgment be vacated even though there may have been a lack of due diligence." (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 979, 313 N.E.2d 684; see also *Lutz v. Lutz* (1977), 55 Ill. App. 3d

967, 970, 371 N.E.2d 348.) We believe that application of these equitable principles is appropriate in the instant case where the record discloses that Ford City Bank, in its capacity as land trustee, breached a fiduciary obligation of loyalty to defendant, one of the beneficiaries of the trust.

■ The trustee of an Illinois land trust typically has limited powers and may act only when and as the beneficiary directs. Nevertheless, the trustee has a fiduciary obligation of loyalty to the beneficiary which flows not from the trust instrument itself but from the relationship of trustee and beneficiary. (*Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 239, 432 N.E.2d 831.) "The essence of this relationship is that the former is charged with equitable duties toward the latter. The law imposes the duty, whether the trust instrument mentions it or not." *Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 239.

■ Under *Zarkin* the trustee's duty to serve the interests of the beneficiary with complete loyalty, excluding all self-interest, prohibits him from dealing with the trust property for his individual benefit. The purchase by a trustee for his own account of property of his trust constitutes a breach of this duty. (89 Ill. 2d 232, 239.) Trustees are prohibited from purchasing trust property because of an inherent conflict of interests; as purchaser, the trustee is naturally interested in acquiring the property at the lowest possible price, while loyalty to the beneficiary dictates that he seek to obtain the highest possible price. To remove the danger created by this conflict of interests, a trustee's purchase of trust property is voidable at the beneficiary's option. (89 Ill. 2d 232, 240.) Under *Zarkin* a trustee may not purchase trust property in a private transaction, or at a public auction or foreclosure or other judicial sale that was brought about by the trustee, or at a sale held on foreclosure of a third party's lien. 89 Ill. 2d 232, 240-43.

The rule prohibiting purchases of trust property by their trustees extends to trustees who have become creditors of their beneficiaries. A trustee in that situation "is particularly susceptible to the temptation to prefer its own financial interests over the interests of the beneficiary." *Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 244.

> "[T]rustees who acquire an individual interest in the trust property by becoming creditors—whether by making advances for the benefit of the trust, or by buying an encumbrance on the trust property—may have an equitable lien on the trust for reimbursement, but are not relieved of their fiduciary obligations.

[Citations.] The trustee-creditor cannot indemnify himself by treating trust property as his own [citation], nor can he transfer trust property to himself in satisfaction of a debt owed him by the trust. [Citation.]" 89 Ill. 2d 232, 243-44.

At oral argument plaintiff's counsel advanced a number of reasons why defendant is not entitled to section 72 relief under *Zarkin*. In our judgment only one of those reasons requires discussion.

The bank correctly states that counsel for defendant consented to the entry of a decree of foreclosure and sale which gave Ford City Bank the right to purchase the property at the sheriff's sale. The bank argues that *Zarkin* expressly permits a land trustee's acquisition of trust property under these circumstances. We cannot agree.

In *Zarkin* the court stated that "[a] beneficiary can consent to a transaction that the duty of loyalty would otherwise prevent a trustee from undertaking, provided that the consent is given voluntarily after full disclosure by the trustees of all the facts, and there is no overreaching." (89 Ill. 2d 232, 246.) Such transactions "are subject to special scrutiny by the courts and the burden is on the fiduciary to show that the transaction was fair." 89 Ill. 2d 232, 245-46.

It is readily apparent that Ford City Bank has failed to make this showing. Ford City Bank as trustee cannot be said to have complied with the full disclosure required by *Zarkin* where it never revealed to defendant the 1971 appraisal estimating the value of the subject property, if improved, at $500,000. We find the bank's attempt to dismiss the significance of that appraisal and its explanation of how it arrived at the bid price of $40,000 singularly unconvincing. Moreover, in our judgment, the reasonableness of the price bid by the trustee does not, under *Zarkin*, affect the beneficiary's rights against the trustee. "Whether the beneficiary has suffered a loss as the result of the fiduciary's disloyal act is irrelevant to the former's right to have the transaction set aside and recover any profit made." 89 Ill. 2d 232, 245.

■ We also believe that there may have been overreaching on the bank's part where it bid only $40,000 for property which had been appraised at $500,000 in 1971 and which the bank had accepted as security for a loan of $195,000 in 1978. As the supreme court noted in *Zarkin*, by virtue of its position a land trustee is likely to have information concerning the trust property and, more importantly, knowledge of the financial circumstances of its beneficiaries. (89 Ill. 2d 232, 244.) Plaintiff has failed to meet its burden of showing that the transaction was fair.

On the basis of the foregoing, we hold that defendant is entitled

128

to section 72 relief. What form that relief should take is more problematical. The bank points out that subsequent to the sheriff's sale, Anthony R. Piazza, a judgment creditor of one of the other beneficiaries of the trust, redeemed the property and received a sheriff's deed. Under subsection (5) of section 72 (Ill. Rev. Stat. 1979, ch. 110, par. 72(5), now codified as section 2—1401(e) of the Code of Civil Procedure, Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(e)), "[u]nless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, ***." No question has been raised regarding the court's jurisdiction in this case.

Subsection 5 is intended to protect only *bona fide* purchasers for value who were not parties to the original action. (Ill. Ann. Stat., ch. 110, par. 72(5), Joint Committee Comments, at 287 (Smith-Hurd 1968); *Freisinger v. Interstate Bond Co.* (1962), 24 Ill. 2d 37, 43-45, 179 N.E.2d 608; *In re Application of County Treasurer* (1975), 30 Ill. App. 3d 235, 239, 332 N.E.2d 557.) Whether Piazza or any other person not a party to the original action qualifies as a good faith purchaser for value does not affect defendant's right to section 72 relief against the plaintiff in this action. (*People ex rel. Wright v. Doe* (1962), 26 Ill. 2d 446, 453-54, 187 N.E.2d 222.) Even if there were a good faith purchaser for value, this would only mean that any relief granted against Ford City Bank would not affect the right, title or interest of such good faith purchaser. It would not afford grounds for dismissing the entire proceeding or for denying relief against the bank. *People ex rel. Wright v. Doe* (1962), 26 Ill. 2d 446, 453-54.

While the parties to this appeal disagree as to whether Piazza, as a judgment creditor, should be considered a good faith purchaser for value, we believe it would be ill-advised for us to attempt to decide this question where Piazza has not participated in these proceedings and is not before this court. Accordingly, in reversing the trial court's order denying defendant's petition for section 72 relief, we also remand the cause to the trial court for a hearing to determine whether in this instance there is a good faith purchaser for value. If, at the conclusion of such hearing, the court finds that there is a good faith purchaser for value, then defendant is entitled to such relief against Ford City Bank as will not interfere with the rights of the purchaser. (*People ex rel. Wright v. Doe* (1962), 26 Ill. 2d 446, 454.) If the court finds otherwise, then the court is directed to vacate the order approv-

ing the sheriff's report of sale and distribution and provide such other relief as is appropriate under *Zarkin*.

For the foregoing reasons, the trial court's order denying defendant's section 72 petition is reversed and the cause is remanded with directions.

Reversed and remanded with directions.

STAMOS, P.J., and HARTMAN, J., concur.