(No. 19974.—

HARRY J. FIREMAN, Appellee, *vs.* OLIVER F. SMITH, Appellant.

*Opinion filed October 25, 1930.*

OSSIAN CAMERON, and EDWARD H. S. MARTIN, for appellant.

ISADORE WOLFSOHN, (HARRY J. FIREMAN, *pro se,*) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

William Hughes recovered a judgment by confession in the municipal court of Chicago against Oliver F. Smith for $32,403.60 and costs. The judgment was assigned to Harry J. Fireman, an execution was issued and levied on certain real estate, and the sale of that property resulted in a credit upon the judgment of $9871.65. A supplementary

proceeding was instituted under section 64 of the Municipal Court act to discover property of the judgment debtor and to apply any property so discovered in or toward the satisfaction of the unpaid portion of the judgment. After a hearing an order was entered requiring Smith to assign to the bailiff of the municipal court two causes of action which he sought to assert in two suits then pending and also his interest in 301 shares of bank stock. By the same order the bailiff was directed to sell at public sale the property so assigned to him and to apply the proceeds of the sale upon the residue of the judgment, rendering the excess, if any, to the judgment debtor. Upon the hearing, Smith denied the validity of section 64 of the Municipal Court act and for that reason prosecutes an appeal directly to this court.

Oliver F. Smith was engaged in the purchase and sale of real property. In the course of his operations he borrowed money upon his notes from the State Bank of Chicago. He secured the payment of these notes by depositing with the bank for that purpose 301 shares of the capital stock of the Citizens Trust and Savings Bank and bonds aggregating $52,500. One of Smith's notes was for $30,000 and the judgment, by confession, which is the basis of the present proceeding, was recovered upon that note. Shortly after the execution of the note the payee, the State Bank of Chicago, transferred it by endorsement to William Hughes, and the bank stock and the bonds were also delivered to him. At no time after he pledged these securities did Smith regain control or possession of them. It appears that the certificates for the shares of bank stock came into the custody of the president of the Citizens Trust and Savings Bank and that he caused them to be canceled.

Smith instituted a suit in equity in the circuit court of Cook county against Hughes and others for an adjudication that Smith was the owner of an improved parcel of real estate, the title to which was held by Hughes; for an accounting of the rents derived from the property by Hughes,

and for an accounting of the proceeds of the bank stock and the bonds which Smith had given to secure the payment of his notes. Another suit brought by Smith in the same court was against E. S. Dressler and Edgar Watson. The parties had executed a note for $5400 and Smith had paid it. Watson later refunded to Smith his share of the indebtedness and the object of the suit was to compel contribution by Dressler of his portion. Both of the suits were pending when the order from which this appeal is prosecuted was entered. The claims which Smith asserted in these suits as well as his interest in the bank stock constitute the subject matter of that order.

The appellant's principal contentions for a reversal of the municipal court's order are first, that section 64 of the Municipal Court act violates section 2 of article 2 of the constitution which prohibits the deprivation of property without due process of law, because, by the forced sale of contested choses in action only a nominal sum can be realized and the inevitable result will be the practical confiscation of the judgment debtor's right to or interest in the property sold; because some of the choses in action ordered to be assigned consist of disputed claims of the judgment debtor against the judgment creditor which grew out of the same transaction as the note and judgment upon which the present proceeding is based and if the judgment creditor should be permitted to buy these choses in action at the bailiff's sale, he will be enabled to dismiss the suit in which it is sought to assert them, retain his judgment with only a nominal credit upon it and leave the judgment debtor without recourse, and because another of the choses in action ordered assigned consists of bank stock claimed both by the judgment debtor and the bank to which the certificates representing the stock were ultimately delivered, and the forced sale of that stock, the ownership of which is disputed, will likewise result in the confiscation of the judgment debtor's interest in it; second, that, by authorizing a forced sale of

valuable choses in action at a nominal price when no judgment debtor in any other court can be subjected to the same confiscatory proceeding, section 64 of the Municipal Court act contravenes that provision of the fourteenth amendment to the Federal constitution which prohibits the denial by any State to any person within its jurisdiction of the equal protection of the laws; third, that section 64 is unconstitutional because it contains no provision safeguarding the judgment debtor against compulsory self-incrimination, and fourth, that, in any event, the order of the municipal court was not justified by the evidence and is contrary to the provisions of section 64 of the Municipal Court act.

The first paragraph of section 64 of the Municipal Court act provides that at any time within seven years after the entry of any judgment of that court, for the payment of money, when the amount due thereon, exclusive of interest and costs, exceeds $25, and upon the return wholly or partly unsatisfied of an execution issued thereon, the judgment creditor shall be entitled to a citation requiring the judgment debtor, or any other person whom, or corporation which, the judgment creditor may believe has personal property of the debtor not exempt from execution or garnishment, or is indebted to the judgment debtor in a sum exceeding the amount exempt by law from garnishment, to attend before the court and be examined under oath concerning such debtor's property at a time and place specified in the citation. Provision is also made for the issuance of a citation before the return of an execution upon the submission of certain proof by affidavit. The second paragraph of the section provides: "Where it appears from the examination or testimony taken pursuant to the provisions of this section that the judgment debtor has in his possession or under his control money or other property belonging to him and not exempt from execution, or that money, choses in action, or one or more articles of personal property capable of delivery, and the right of possession of which

in said judgment debtor is not substantially disputed, and which are not exempt by law from execution or garnishment, are in the possession or under the control of such other person or corporation, the court may, in its discretion, make an order directing the judgment debtor, or such other person or corporation, immediately to pay the money, assign the chose in action or deliver the articles of personal property to the bailiff of the municipal court to be by him collected or sold at public sale and the proceeds thereof applied towards the satisfaction of said execution and if the amount of money, or the proceeds of such collection or sale shall exceed the amount due upon such execution and the costs accrued thereon, the overplus shall be paid to the said judgment debtor." The third paragraph of the section provides that the citation may, in the court's discretion, require the examination to be conducted before a master in chancery or a special commissioner. By the fourth paragraph the court is given power to compel the attendance of a party to the citation or of a witness duly subpœnaed, and the refusal of either to attend or answer proper questions upon the hearing shall be adjudged a contempt of court and is made punishable by fine or imprisonment.

By the first paragraph of section 64, the judgment creditor has the right to a citation, under the conditions specified, against the judgment debtor, or another person or corporation believed by the judgment creditor to have possession of personal property of the debtor not exempt from execution or garnishment. The authority of the court to require a person or corporation having possession or control of property of the judgment debtor to transfer or deliver it to the bailiff is limited, by the second paragraph of the same section, to "money, choses in action, or one or more articles of personal property capable of delivery," when, in addition to the property's exemption from execution or garnishment, the judgment debtor's right of possession is not substantially disputed. The choses in action

which the appellant sought to reduce to possession by the two suits, one at law and the other in equity, were not subject to execution. The evidence disclosed that the appellant's claims to the bank stock, the bonds, the real estate and the rent derived therefrom and to contribution from his co-maker of the note were all contested. The legislature saw not only the futility but also the injustice of subjecting choses in action which were in litigation to a forced sale by the bailiff, and for that reason imposed the limitation that the judgment debtor's right of possession to such property should not be substantially disputed. Moreover, an interest in real estate does not come within the language or scope of section 64 of the Municipal Court act. Notwithstanding these limitations upon its power, the municipal court ordered the appellant to assign and transfer to the bailiff the judgment debtor's claims to real and personal property, all of which were in dispute. Manifestly the order entered exceeded the court's jurisdiction and was therefore void.

The foregoing conclusion makes it unnecessary to consider the several contentions that section 64 of the Municipal Court act transcends certain constitutional limitations. A court will not, as a general rule, consider the question of the constitutionality of a statute unless the validity of the act is necessarily involved in the case and a proper determination of the issues raised requires a decision upon that question. *Ossey* v. *Retail Clerks' Union,* 326 Ill. 405; *People* v. *Small,* 319 id. 437; *McEniry* v. *Tri-City Railway Co.* 254 id. 99; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 id. 620.

The order of the municipal court is reversed.

*Order reversed.*