JOSEPH E. BRUNSWICK, Plaintiff-Appellee, v. GERALD MANDEL, Defendant-Appellant.

(No. 56065;

First District (5th Division)—September 14, 1973.

*Modified opinion upon denial of rehearing December 7, 1973.*

James T. Griffin, of Chicago, for appellant.

Brunswick, Jemilo & Richardson, of Blue Island, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court as modified upon denial of petition for rehearing:

This is an appeal from the denial of relief pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) and from the entry of a turn-over order pursuant to section 73 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 73.) On appeal defendant contends (1) that the trial court erred in denying his section 72 petition, and (2) that the trial court erred in entering the turn-over order and that the sheriff's sale violated due process of law.

On December 5, 1969, plaintiff Joseph E. Brunswick filed a complaint against defendant Gerald Mandel upon a promissory note which contained a confession of judgment provision. On the same day, judgment was entered against Mandel as confessed.

On May 1, 1970, Mandel filed a "motion to vacate [open] judgment by confession" alleging that the note represented his original $10,000 investment in a joint venture with Brunswick and others known as Fund 80, that Brunswick had agreed to renew the note beyond its one year term, that he is entitled to an accounting from Brunswick for his action as manager of Fund 80, that the note should be considered as credit after an accounting since it is only part of a series of transactions, and that he had exercised due diligence. Attached to this motion, in addition to other exhibits, was a copy of a complaint Mandel had filed against Brunswick and others for equitable relief. The first count of this complaint requested an accounting of Mandel's interest in Fund 80. The second count requested an accounting and turn-over of assets beyond Mandel's equity in the fund. Brunswick filed a motion in opposition to Mandel's "motion to vacate" alleging that it was not accompanied by a verified answer, that it did not deny the indebtedness, and that it did not

allege that any interest had been paid. On June 11, 1970, the trial court denied Mandel's "motion to vacate" but at his request stayed the proceedings. Mandel did not appeal from this order.

After a motion by Mandel to consolidate the instant case with his suit in equity had been denied and after the stay had expired, Brunswick requested a citation pursuant to Section 73 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 73) to discover Mandel's assets. The citation was granted but proceedings were continued on various occasions. On February 19, 1972, Brunswick filed a petition for a turn-over order based upon the confessed judgment requiring Mandel to turn over to the sheriff for sale various assets including shares of common stock in Aero Systems, Inc. and Patent Management, Inc. (which defendant alleged were part of Fund 80).

On February 25, 1971, Mandel filed objections to the motion for a turn-over order alleging that certain of the items requested were not in his possession, that other items were the subject of his suit in equity, and that if his securities must be sold, they be sold on the securities market. On the same day, Mandel, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), filed another motion to vacate the confessed judgment. Paragraph 1 of this motion re-alleged those grounds stated in his earlier motion to vacate. Paragraph 2 raised different grounds but failed to explain why those grounds, which must have been known to him at the time of the earlier motion, were not raised there.

After both parties had filed "suggestions" regarding the turn-over order, the trial court on March 12, 1971, denied Mandel's motion to vacate the confessed judgment and on March 16, 1971, entered a turn-over order against Mandel. On April 4, 1971, Mandel led a notice of appeal from both the March 12 and the March 16 orders but sought no stay of these orders.

OPINION

■■ Mandel contends that his section 72 petition was improperly denied. It is clear that section 72 of the Civil Practice Act cannot be used to re-litigate questions already validly adjudicated. (*Southmoor Bank and Trust Co. v. Willis,* 15 Ill.2d 388, 395, 155 N.E.2d 308, 312.) The allegations Mandel raised in paragraph 1 of his section 72 petition were identical to those raised in his original "motion to vacate." The trial court had already denied relief on those grounds and Mandel had not appealed therefrom. Thus, the trial court properly denied further consideration of the allegations in paragraph 1 of Mandel's petition.

■■ Furthermore, a party seeking relief pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) must show due

diligence in raising the matters in the petition. (*Brockmeyer v. Duncan*, 18 Ill.2d 502, 165 N.E.2d 294.) In the instant case, the matters raised in paragraph 2 of Mandel's petition were matters which must have been known to him at the time of his original motion and his section 72 petition contained neither an explanation of his failure to include such matters in his original motion nor an allegation that they were newly discovered. Thus, Mandel did not act diligently in raising these matters and the trial court did not err in denying his petition. The fact that this lack of diligence may have been due to negligence of counsel does not change the result. *People ex rel. Franks v. Franks*, 126 Ill.App.2d 51, 261 N.E. 502.

Mandel next contends that the trial court erred in entering the turn-over order and that the sheriff's sale pursuant to that order violated due process of law. Section 73(2)(a) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 73(2)(a)) provides that the court may by appropriate order:

> "[c]ompel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his possession or control, so discovered, capable of delivery and to which his title or right of possession is not *substantially disputed.*" (Emphasis added.)

Mandel argues only that certain of the items (those relating to Fund 80) were improperly included in the turn-over order as they were the subject of his suit for equitable relief against Brunswick and therefore were substantially disputed within the meaning of section 73(2)(a). That portion of the turn-over order not relating to Fund 80 is not challenged in his appeal.

■■ Notwithstanding *Fireman v. Smith*, 341 Ill. 138, 173 N.E. 61, cited by Mandel for the first time in his petition for rehearing, we believe the terms "substantially disputed" in section 73(2)(a) were intended by the legislature to benefit third parties claiming interests in the judgment debtor's property, not to benefit the judgment debtor himself. In so holding, we are fully aware that the facts in the *Fireman* case are remarkably similar to those of the instant case and that the *Fireman* case construed a statute, section 64 of the Municipal Court Act (Ill. Rev. Stat. 1953, ch. 37, par. 424) which was a forerunner of section 73 of the Civil Practice Act. However, we are also aware of the developments in supplementary proceedings since 1930 when the *Fireman* case was decided. The old Municipal Court Act contained no provision comparable to section 73(5) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 73(5)) which specifically provides a method to protect the interests of persons "other than the judgment debtor" in property subject to sup-

plementary proceedings. Upon reading section 73 as a whole we are convinced that paragraph 5 limits the application of the terms "substantially disputed" to persons other than the judgment debtor. This holding is consistent with the apparent intent of the legislature to distinguish between "exempt property" relating to judgment debtors and "disputed property" relating to third parties. (*See* "Trial of Right of Property Act" relating to attachments and executions, Ill. Rev. Stat. 1969, ch. 77, pars. 70-81.) Mandel makes no claim that the property involved in this appeal was exempt or that anything other than his alleged interest in the "disputed property" was ordered sold. Moreover, we do not believe it was the intent of the legislature to permit supplementary proceedings to be circumvented simply by the judgment debtor's filing of a subsequent law suit. However, we specifically make no determination regarding the merits of Mandel's equitable proceedings.

Since the record before us does not include the specific facts regarding the sheriff's sale, we cannot determine whether or not any violation of due process occurred regarding any proceedings subsequent to entry of the turn-over order.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

ENGLISH and SULLIVAN, JJ., concur.