(No. 46425.—

JOSEPH E. BRUNSWICK, Appellee, v. GERALD MAN-DEL, Appellant.

*Opinion filed Nov. 27, 1974.—Rehearing denied Jan. 28, 1975.*

James T. Griffin and Thomas P. Schwaba, of Chicago (Hubachek, Kelly, Rauch & Kirby, of counsel), for appellant.

Brunswick, Jemilo & Richardson, of Blue Island, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Gerald Mandel, appealed from two orders of the circuit court of Cook County, one denying him relief sought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) and the other ordering him to turn over to the sheriff of Cook County certain assets and directing that they be sold to satisfy the judgment which defendant had attacked in the section 72 proceeding. The appellate court affirmed (15 Ill. App. 3d 502) and we allowed defendant's petition for leave to appeal. The proceedings which preceded the entry of the orders appealed from are fully reviewed in the opinion of the appellate court and will be restated only to the extent necessary to the discussion of the issues.

The record shows that on December 5, 1969, plaintiff, Joseph E. Brunswick, filed suit against defendant to recover upon a promissory note and on that same day judgment by confession was entered against defendant. On May 1, 1970, defendant filed a motion to open up the judgment by confession, which motion was denied on June 11, 1970. No appeal was taken from the order denying the motion.

On February 25, 1971, defendant filed a motion under section 72 of the Civil Practice Act. The appellate court described this motion as follows: "Paragraph 1 of this motion re-alleged those grounds stated in his earlier motion to vacate. Paragraph 2 raised different grounds but failed to explain why those grounds, which must have been known to him at the time of the earlier motion, were not raised there." (15 Ill. App. 3d 502, 504.) We find the description accurate.

Defendant contends that the circuit court erred in denying his motion filed under section 72 and that the appellate court erred in affirming for the reasons that the facts asserted in his motion must be taken as true, "that Section 72 and Rule 276 both involve equitable principles" and that "the financial intricacies involved (as are illustrated by the record in this Court) and the fact that in this case as in many a great deal of sifting and sorting of facts is necessary before the factual and legal basis of the defense can adequately be shown to the Court, show that the Motion filed was timely filed and filed with diligence by Mandel." He argues that "there never has been a showing that the purported waiver (contained in the cognovit clause) of Mandel's constitutional rights to notice and hearing was made by Mandel understandingly, voluntarily and intelligently. The waiver if made effectively, would have to have been made (and shown by Brunswick to have been made) intelligently, voluntarily and knowingly."

A motion under section 72 "cannot be used to again put in issue questions previously adjudicated by valid means." (*Southmoor Bank and Trust Co. v. Willis,* 15 Ill.2d 388, 395.) The movant is not entitled to relief "unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court." (*Brockmeyer v. Duncan,* 18 Ill.2d 502, 505.) "The burden is thus on the petitioner to allege facts which, if true, show that he is

entitled to the relief requested." (*Fennema v. Vander Aa,* 42 Ill.2d 309, 310.) The appellate court in rejecting defendant's contentions said "the matters raised in paragraph 2 of Mandel's petition were matters which must have been known to him at the time of his original motion and his section 72 petition contained neither an explanation of his failure to include such matters in his original motion nor an allegation that they were newly discovered. Thus, Mandel did not act diligently in raising these matters and the trial court did not err in denying his petition." (15 Ill. App. 3d at 505.) We agree. Concerning the alleged constitutional issues which defendant attempts to raise for the first time in this court, no reason appears for his failure to plead them in his motion to open up the judgment by confession or in his motion under section 72, and we will not further consider them.

Defendant contends next that the turnover order violated due process. He points out that the property which he was ordered to turn over to the sheriff included shares of corporate stock, claims and options involving other securities and an undivided interest in a joint venture. He argues that protection of his constitutional rights required that these assets be sold in a manner to realize their fair value. We note that except for two subsequent orders, not relevant to the sale of the property turned over, the record does not reflect the proceedings subsequent to the entry of the turnover order. Under these circumstances we are unable to review the defendant's contentions.

Defendant contends that certain of the securities and choses in action were improperly included in the turnover order. This contention is based on the fact that there was pending in the circuit court of Cook County an action brought by defendant against plaintiff and others (70 Ch. 1828) in which defendant sought an accounting of certain funds and *inter alia* the delivery to him of certain of the securities included in the turnover order. Citing *Fireman*

*v. Smith,* 341 Ill. 138, defendant argues that the provisions of section 73(2)(a) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 73(2)(a)) precluded the entry of an order which required him to turn over his claims against plaintiff for the issuance of certain securities, his claims concerning a joint venture and his claim against Lyle D. Gumm & Associates, Inc. Section 73(2)(a) in pertinent part provided:

> "(2) When assets or income of the judgment debtor not exempt from execution, a deduction order or garnishment are discovered, the court may, by appropriate order, judgment or decree:'
>
> (a) Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his possession or control, so discovered, capable of delivery and to which his title or right of possession is not substantially disputed."

*Fireman v. Smith* involved a proceeding brought under section 64 of the Municipal Court Act (Smith-Hurd Stat. 1929, ch. 37, par. 424) to discover assets. Section 64 provided for the turnover of "money, choses in action *** personal property capable of delivery, and the right of possession of which in said judgment debtor is not substantially disputed ***." The court held void an order which directed the judgment debtor to turn over to the bailiff certain claims which were the subject of two pending suits, in one of which actions, one Hughes, the original judgment creditor, who had assigned the judgment to Fireman, was named as a party defendant. In reaching its conclusion that the order was void the court said "The evidence disclosed that the appellant's claims to the bank stock, the bonds, the real estate and the rent derived therefrom and to contribution from his co-maker of the note were all contested. The legislature saw not only the futility but also the injustice of subjecting choses in action which were in litigation to a forced sale by the bailiff, and for that reason imposed the limitation that the judgment

debtor's right of possession to such property should not be substantially disputed." 341 Ill. 138, 143.

The appellate court declined to follow *Fireman* and rejected defendant's contentions that the circuit court erred in issuing the turnover order insofar as it involved the assets concerning which defendant's title or right of possession was alleged to be "substantially disputed." It concluded that the limitation contained in section 73(2)(a) was not applicable to this situation wherein it was the judgment debtor who substantially disputed title or the right to possession of the property. It also concluded that it was not "the intent of the legislature to permit supplementary proceedings to be circumvented simply by the judgment debtor's filing of a subsequent law suit." 15 Ill. App. 3d at 506.

Although we hold that the judgment must be affirmed, we do not agree with the appellate court's interpretation of section 73(2)(a). What invokes the limitation contained in the statute is that the debtor's title or right of possession is "substantially disputed," and the fact that the substantial dispute results from an action brought by the debtor, rather than by a third party, is not controlling.

We conclude that this record does not show that either the title to, or the right of possession of, the assets in question here is substantially disputed, and the circuit court did not err in ordering them turned over to the sheriff.

The judgment is affirmed.

*Judgment affirmed.*