FEDERAL SIGN & SIGNAL CORPORATION, Plaintiff-Appellee, *v.* BARRY CZUBAK, d/b/a G & W Beauticians Supply House and The Abbey Beauty Salon, Defendant-Appellant.

First District (3rd Division)    No. 76-969

Opinion filed January 18, 1978.

Arthur H. Grant, Ltd., of Chicago, for appellant.

Edward R. Burr and Albert A. Golden, both of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

Defendant appeals from an order denying his petition under section 72 of the Civil Practice Act to set aside a judgment entered for plaintiff. Ill. Rev. Stat. 1975, ch. 110, par. 72.

Plaintiff filed a complaint against defendant to collect money allegedly due under several written agreements which obligated the plaintiff to maintain signs for defendant in return for monthly rental payments. On September 8, 1975, plaintiff filed a motion for summary judgment and defendant filed an answer in opposition. Plaintiff's motion for summary judgment was granted on September 25, 1975, by circuit court Judge Meyer H. Goldstein. Although a law clerk of defendant's counsel was present at this hearing, neither defendant nor his counsel was present.

Defendant filed a petition to vacate this judgment more than 30 days after it was entered. Judge Goldstein denied this petition on November 21, 1975. Defendant next filed two petitions on March 25, 1976. One was entitled, "Petition to Vacate Summary Judgment" and the other, "Petition Under Section 72 to Vacate ex parte Judgment Entered September 23, 1975." The latter petition incorporated by reference the other petition filed on the same date. Both petitions were filed more than 30 days after entry of the summary judgment, and consequently a motion to vacate would not have been timely. (Ill. Rev. Stat. 1975, ch. 110, par. 68.3.) The petitions therefore must be considered as a section 72 petition to vacate the September 23, 1975, judgment. On March 25, 1976, circuit court Judge Charles J. Grupp entered an order denying the petition. On April 21, 1976, plaintiff filed another petition identical to the one filed on March 25, 1976. This was denied by Judge Goldstein in an order of May 12, 1976, from which defendant appeals.

Plaintiff filed a motion in this court, which was ordered taken with the case, to dismiss the appeal, contending defendant did not file a notice of appeal from either the September 23, 1975, judgment or the order entered March 25, 1976, within 30 days of their entry as required by Supreme Court Rule 303(a). (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a).) In response, defendant contends that the September 23 judgment was legally void and could, therefore, be attacked by successive motions in the trial court at any time even though the time limits for appeal had lapsed.

■■ A void judgment may be attacked and vacated at any time. (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 361, 215 N.E.2d 271; *Cockrell v. Smith* (1975), 27 Ill. App. 3d 986, 327 N.E.2d 110; *Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill. App. 3d 345, 347, 293 N.E.2d 623.) The attack may be either direct or collateral. An application to vacate a judgment made within 30 days of entry is a direct attack; if made after the expiration of the 30 days, it is a collateral attack. (*Chiaro v. Lemberis* (1960), 28 Ill. App. 2d 164, 169, 171 N.E.2d 81.) Thus, if the

September 23, 1975, judgment was void, defendant could use successive section 72 motions to attack it without losing his right to appeal. However, a void judgment is different from one which is voidable or erroneous. A judgment is void where there is a want of jurisdiction over the person or subject matter, or where the judgment was procured by fraud. (*Cockrell; Lebanon, at 348; Parker v. Board of Trustees* (1966), 74 Ill. App. 2d 467, 469, 220 N.E.2d 258.) A judgment which is merely erroneous is not void and is not subject to collateral attack. As stated in *Parker,* at 469:

> "It is the established law in Illinois that a judgment rendered by a court having jurisdiction of the parties and the subject matter is not open to impeachment in any collateral action, except for fraud in its procurement; and, even if the judgment is voidable and so illegal or defective that it would be set aside on a proper direct application, it is not subject to collateral attack so long as it stands in force."

The initial inquiry to be made is whether the September 23 judgment is void. Defendant contends that it is for two reasons. The first argument he advances is that the trial court, on September 23, 1975, did not enter judgment on the motion for summary judgment but in fact conducted a trial of the case without notice to the defendant. Defendant relies on the half-sheet of the case which was stamped by the circuit court clerk as follows:

> "Trial exparte by court finding issue versus defendant:
> Barry Czubak
> Damages Forty nine hundred eighty .75 $4980.75 Judgment on finding versus defendant Barry Czubak Forty nine hundred eighty 75 dollars and costs $4980.75."

He also states that the following language from the draft order entered on September 23, 1975, indicates that an *ex parte* trial was held:

> "MOTION SUMMARY JUDGMENT.
> Now comes the Plaintiff in this cause, the Defendant being absent and not represented, and thereupon this cause comes on in regular course for trial before the Court without a jury, and the Court having heard the evidence and the arguments of counsel, and being fully advised in the premises, enters the following finding, to-wit:
> THE COURT FINDS ISSUE AGAINST THE DEFENDANT, BARRY CZUBAK, d/b/a G & W BEAUTICIANS SUPPLY HOUSE AND THE ABBEY BEAUTY SALON AND ASSESS THE DAMAGES AT FOUR THOUSAND NINE HUNDRED EIGHTY AND 75/100 DOLLARS ($4,980.75)."

■■■ Defendant's characterization of the September 23 hearing as an *ex parte* trial is inaccurate. The half-sheet was merely a memorandum of

proceedings. It was not part of the official record, and cannot prevail over the written order.[1] (*In re Shannon* (1977), 45 Ill. App. 3d 876, 879, 360 N.E.2d 433; *Alverio v. Dowery* (1968), 104 Ill. App. 2d 125, 131, 243 N.E.2d 858; *Stickler v. McCarthy* (1965), 64 Ill. App. 2d 1, 20, 212 N.E.2d 723, *aff'd in part, rev'd in part on other grounds* (1967), 37 Ill. 2d 48, 224 N.E.2d 827 (1967).) The September 23 order does not state that a trial was held on that date. In fact, the order is captioned in raised letters "MOTION SUMMARY JUDGMENT." Even though the order refers to evidence and argument of counsel being heard by the court, this is most likely a reference to the evidence and argument presented on the motion for summary judgment. And, although the order also refers to the case as coming "on in regular course for trial before the court without a jury," this apparently relates to trying the motion for summary judgment.

■■ All other relevant documents indicate that the trial court heard and granted a motion for summary judgment. An order of September 8, 1975, granted plaintiff leave to file a motion for summary judgment and set the hearing for September 23, 1975. The motion filed pursuant to this order was entitled, "Motion for Summary Judgment," and the notice of motion forwarded to defendant advised him that a motion for summary judgment was to be presented. As stated above, the actual order entered on September 23 was entitled, "MOTION SUMMARY JUDGMENT." Defendant's petition to vacate, filed 51 days after the entry of this judgment, was titled, "Petition to Vacate Summary Judgment." It did not refer to the September 23 hearing as a trial on the merits. Not until the March 15, 1976, petition did defendant claim an *ex parte* trial was held on September 23, 1975, and at the same time that petition characterizes the September 23, 1975, order as a summary judgment. The foregoing clearly demonstrates that Judge Goldstein ruled and entered an order on plaintiff's motion for summary judgment and did not conduct an *ex parte* trial.

■■ The second argument defendant advances to support his contention that we are dealing with a void judgment is that a material issue of fact existed, precluding the granting of summary judgment. This contention neither questions the circuit court's right to hear the case, nor raises the claim of fraud, which are the grounds for holding a judgment void. (*Cockrell; Lebanon.*) Even if an issue of material fact did exist, the judgment would be erroneous, but it would not be void.

Because the summary judgment entered on September 23, 1975, is not

[1] It was not until January 6, 1977, that the circuit court of Cook County adopted its General Order 6.5, providing that the half-sheet constitutes part of the official court record; but no comparable order or rule was in effect when the half-sheet on which the defendant in this case relies was prepared.

void, defendant's attempt to skirt plaintiff's motion to dismiss the appeal lacks merit.

■■■ The purpose of a section 72 petition is to present to the trial court new matters of fact not appearing in the record, which, if known to the court when the judgment was rendered, would have prevented its rendition. (*Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690, 306 N.E.2d 510.) Any order denying or granting any relief sought in a section 72 petition is appealable. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) Here, defendant filed a petition to vacate on November 13, 1975, 51 days after entry of the summary judgment. This may be construed as having been filed under section 72. (*Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 623-24, 317 N.E.2d 774.) He filed another section 72 petition on March 25, 1976. Both petitions were denied, but the defendant failed to appeal from either order. Instead, defendant filed a third section 72 petition which alleged no new matter for the court's consideration. This was an improper attempt to relitigate questions already validly adjudicated. (See *Brunswick v. Mandel* (1973), 15 Ill. App. 3d 502, 504, 305 N.E.2d 9.) Neither section 72 nor any other statute or rule permits a party to extend the time for appeal by filing successive and repetitious motions. (See *Fultz v. Haugan*) (1971), 49 Ill. 2d 131, 136, 273 N.E.2d 403; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 418, 255 N.E.2d 900; *Underwood v. Yellow Cab Co.* (1971), 131 Ill. App. 2d 449, 451-52, 268 N.E.2d 254.) As stated in *Deckard,* at page 418:

> "To hold to the contrary would not only violate the spirit of our rule [Supreme Court Rule 303(a)], which contemplates the prompt and orderly prosecution of an appeal, but would render it a nullity. As occurred in this case, any party could defeat the rule and delay appeal merely by filing successive and repetitious motions to vacate."

Although *Underwood* and *Deckard* analyze the effect of successive motions to vacate on the time for appeal (Ill. Rev. Stat. 1975, ch. 110, pars. 50(5) and 68.3), their rationale applies to the present case. Defendant could not, by repeating a section 72 petition already denied, extend the time for appeal of the order denying the prior petition. (*Mehr v. Dunbar Builders Corp.* (1972), 7 Ill. App. 3d 881, 883, 289 N.E.2d 25; *Martin v. Masini* (1967), 90 Ill. App. 2d 348, 355, 232 N.E.2d 770.) Defendant's time for filing a notice of appeal expired 30 days after the March 25, 1976 order. Consequently, this court is without jurisdiction to consider an appeal from the April 21 order filed more than 30 days after the entry of the March 25 order. In *Goldstick v. Saporito,* the court said at pages 623-24:

> "Where no timely appeal is taken from a final order this court is

without jurisdiction to consider the propriety of that order or any subsequent order upholding it."

Since defendant did not properly perfect an appeal within 30 days from the March 25, 1976, order denying section 72 relief, this court is without jurisdiction to consider an attempt to appeal from the April 21, 1976, order, the effect of which was to uphold the two previous determinations denying section 72 relief. Plaintiff's motion to dismiss this appeal is therefore allowed.

Appeal dismissed.

JIGANTI, P. J., and McNAMARA, J., concur.