In re ESTATE OF DEAN BISHOP, Deceased (LeRoy State Bank, Ex'r and Trustee of the Estate of Dean Bishop, Deceased, Petitioner, *v.* Rose Blunk *et al.*, Respondents-Appellants; Trustees of LeRoy Presbyterian Church *et al.*, Respondents-Appellees).

Fourth District   No. 4—84—0049

Opinion filed September 5, 1984.—Rehearing denied October 2, 1984.

Marvin H. Gesell, of Arnold, Gesell & Schwulst, of Bloomington, for appellants.

Neil F. Hartigan, Attorney General, of Springfield, *pro se* (Edward M. Kay, Assistant Attorney General, of counsel), for appellee Attorney General.

Thomas M. Barger, Jr., of Livingston, Barger, Brandt & Schroeder, of Bloomington, for other appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

Collateral attack.

An order amending will.

Four years, 10 months later.

Motions to dismiss allowed.

We affirm.

The original proceedings in this matter were commenced on January 3, 1977. On that date, the LeRoy State Bank, as trustee under the will of Dean Bishop, filed a petition in the circuit court to amend the will.

The petition sought to amend the terms of a testamentary trust so that the trust would qualify as a charitable remainder unitrust under section 664 of the Internal Revenue Code (I.R.C. sec. 664 (1977)). One of the more significant amendments to the trust was that the annuity paid to the income beneficiaries was to be fixed at 5% of the net fair market value of the trust assets. The will had originally provided that all of the net returns of the trust corpus were to be paid to the income beneficiaries.

The income beneficiaries and the LeRoy Presbyterian Church were named as respondents in the petition. All of the named respondents signed written appearances which consented to an immediate hearing without notice on the bank's petition. A decree amending the

will in accordance with the petition was entered on January 3, 1977.

The bank filed its final report as executor on June 5, 1979. All of the income beneficiaries signed forms acknowledging receipt of the final report, waiving notice of the report and consenting to the approval of the report. The bank was discharged as executor, and the estate was closed on June 21, 1979.

On November 16, 1981, the income beneficiaries (respondents here) filed a motion to vacate the decree amending the will. Respondents argued that the bank's failure to obtain their consent to the amendment to the will deprived the circuit court of subject matter jurisdiction and, therefore, the decree amending the will was void.

The Attorney General of the State of Illinois and the LeRoy Presbyterian Church filed motions to dismiss respondents' motion to vacate. The circuit court allowed the motions to dismiss and respondents have appealed.

Respondents' motion to vacate the decree amending the will was filed 4 years and 10 months after the decree was entered and thus constitutes a collateral attack on the decree. (See *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965.) The attack is grounded on the contention that the decree was void for lack of subject matter jurisdiction in the circuit court. See, *e.g., Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965; *Irving v. Rodriquez* (1960), 27 Ill. App. 2d 75, 169 N.E.2d 145.

■■ Respondents contend that the circuit court lacked subject matter jurisdiction because the bank failed to obtain respondents' consent to amend the will pursuant to section 1(2) of "An Act to conform certain charitable trusts to the requirements of the Federal Tax Reform Act of 1969" (Charitable Trusts Act) (Ill. Rev. Stat. 1981, ch. 148, par. 51(2)). The Charitable Trusts Act allows a trustee to amend a trust to bring it into conformity with the requirements for a charitable remainder unitrust under section 664 of the Internal Revenue Code. Section 1(2) of the Act states: "[T]he trustee before making any amendment under subparagraph (d) shall first obtain the consent of all noncharitable beneficiaries whose interests have not expired." Respondents characterize the consent requirement of section 1(2) as a "jurisdictional fact" which must be shown of record and without which the circuit court had no subject matter jurisdiction.

·On the nature and scope of subject matter jurisdiction, no lengthy excursus is needed here. The history of jurisdiction, as chronicled in *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 443 N.E.2d 289, provides all the groundwork necessary for resolution of the issue before us.

In *Mears*, this court observed that under article VI, section 9, of the Illinois Constitution of 1970, the jurisdiction of the circuit court is no longer dependent upon statutes and derives from the constitution itself. (See also *In re L.E.J.* (1983), 115 Ill. App. 3d 993, 451 N.E.2d 289.) We said in *Mears*, "No longer do we seek statutory justification for the exercise of jurisdiction; rather the inquiry must be whether there exists a justiciable controversy, and if so, are there any statutory conditions precedent to judicial intervention." 110 Ill. App. 3d 1133, 1138, 443 N.E.2d 289, 293.

The bank's petition to amend the will clearly created a *justiciable controversy*. Black's Law Dictionary defines "justiciable controversy" in part as "[a] question as may properly come before a tribunal for decision." (Black's Law Dictionary 777 (5th ed. 1979).) Matters relating to trusts have traditionally been resolved by the courts. Our supreme court has observed that, "One of the oldest heads of chancery jurisdiction is the execution and control of trusts and trust funds." *Maguire v. City of Macomb* (1920), 293 Ill. 441, 453, 127 N.E. 682; see also *Hopkins v. Granger* (1869), 52 Ill. 504.

Having determined that the petition to amend the will created a justiciable controversy, we need make no further inquiry. The circuit court had subject matter jurisdiction over all justiciable controversies, and the petition to amend the will created a justiciable controversy. Therefore, the trial court had subject matter jurisdiction, and its decree cannot be collaterally attacked.

■ The bank's alleged failure to comply with the Charitable Trusts Act by obtaining the respondents' consent to the amendment of the trust has no effect on the circuit court's jurisdiction. While the legislature may impose statutory conditions precedent to the exercise of the circuit court's jurisdiction, the consent requirement of section 1(2) of the Charitable Trusts Act was not such a condition.

There is no suggestion whatsoever in section 1(2) of the Charitable Trusts Act that the legislature intended the consent of the beneficiaries to be a condition precedent to the exercise of the circuit court's jurisdiction. Section 1(2) makes no reference to court proceedings in this context. The consent requirement is merely a limitation on the trustee's power to amend the trust. It is not a condition precedent to the exercise of the circuit court's jurisdiction.

Even if a statutory condition precedent had not been met in the present case, such an omission would be merely a *procedural* defect, not jurisdictional. (See *Watt v. Farmers State Bank & Trust Co.* (1979), 71 Ill. App. 3d 455, 389 N.E.2d 947; *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 361 N.E.2d 6.) The court's decree would have

been erroneous and subject to reversal on a direct appeal, but it would not be void for lack of subject matter jurisdiction and would not be subject to a collateral attack.

Having found that the circuit court had subject matter jurisdiction to hear the bank's petition to amend the will, we hold that the circuit court properly dismissed respondents' motion to vacate the decree amending the will.

Affirmed.

GREEN and WEBBER, JJ., concur.