JO JAN CORPORATION, Plaintiff-Appellee, v. ROBERT BRENT, Indiv. and d/b/a Bob Brent's Food and Liquor, *et al.*, Defendant-Appellant.

First District (5th Division)   No. 1—86—2509

Opinion filed April 7, 1989.

Lamont Cranston Strong and Diane Shelley, both of Chicago, for appellant.

Richard L. Hoffman, of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

This action was brought against the defendants, Robert Brent *et al.* (Brent), by the plaintiff, JoJan Corporation (JoJan), to foreclose two mortgages secured by promissory notes and to foreclose a mechanic's lien. Brent filed a special and limited appearance contesting the court's jurisdiction over his person on the ground that he had not been properly served with summons. JoJan contended that service of process upon Brent was properly effectuated by publication. After an evidentiary hearing, the trial court denied Brent's special and limited appearance. Brent then filed a motion to reconsider the denial of his special and limited appearance which was also denied. Ultimately, judgment was entered in favor of plaintiff and against Brent. Brent filed a motion to expunge the void judgment, which was denied. Brent now appeals. The facts are as follows.

Robert Brent owned a food and liquor business located at 501-07 E. 47th Street, Chicago, Illinois. On November 15, 1981, Brent, in need of a loan for the business, was introduced to Howard Weitzman. Brent was told that Weitzman would possibly loan him the money he needed, and Weitzman took a loan application from Brent for that purpose. Weitzman then entered into a joint venture with the plaintiff, JoJan Corporation, to buy all the liens against Brent's 47th Street property.

On April 18, 1984, JoJan filed a complaint to foreclose. In its complaint, JoJan sought to foreclose two mortgages and a mechanic's lien and also for a money judgment for a breach of the contract on which the mechanic's lien was predicated. On that same day, summonses were lodged with the sheriff. On April 19, 1984, an affidavit for service by publication on Brent was filed with the Cook County clerk's office. The affidavit for service by publication named Brent as one of the defendants. The affidavit stated that Brent's place of residence was unknown. The affidavit was purported to have been signed by the affiant, Bernard Allen Fried. However, the evidence at the trial hearing established that the affidavit was not signed by Bernard Fried, but rather it was signed by Fried's wife, Joan Fried. The evidence also established that Joan Fried also notarized her husband's forged signature that she had signed on the affidavit.

On February 13, 1985, the trial court entered a judgment of foreclosure against defendant Brent. On April 9, 1985, the trial court entered an order approving the sheriff's report of sale and distribution. JoJan acquired the certificate of foreclosure and sale. JoJan was issued a sheriff's deed conveying the involved property to JoJan.

On October 11, 1985, Brent filed a special and limited appearance

in the proceedings to contest the trial court's jurisdiction over his person on the grounds that he had not been properly served by summons or publication or with notice of the proceedings. On January 31, 1986, the trial court conducted an evidentiary hearing on the issue of Jo-Jan's diligence in attempting to locate Brent's residence. On February 11, 1986, the trial court denied Brent's special and limited appearance, declined to vacate the judgment of foreclosure and sale, and dismissed Brent's special and limited appearance, all *nunc pro tunc* January 31, 1986.

On March 4, 1986, Brent filed a post-trial motion to reconsider the denial of his special and limited appearance. On March 12, 1986, Brent filed an addition to his post-trial motion to reconsider in which he prayed that all proceedings "be vacated, arrested and held for nought." On April 4, 1986, the trial court denied Brent's post-trial motion to reconsider and to vacate, arrest, and hold for naught the proceedings and judgment.

On April 28, 1986, Brent filed a motion to expunge void judgment. Also on that same day, JoJan filed a special appearance. On May 2, 1986, JoJan filed a motion to quash Brent's service upon Jo-Jan notice of Brent's motion to expunge void judgment.

On June 6, 1986, the trial court sustained JoJan's motion to quash the service of Brent's notice of motion to expunge void judgment served upon JoJan and denied Brent's motion to expunge void judgment. On July 3, 1986, Brent filed the following documents: (1) a motion to vacate paragraph 2 of the trial court's June 6, 1986, order, which denied the motion to expunge; (2) an amended motion to expunge void judgment; and (3) memorandum in support of said motion. On August 19, 1986, the trial court entered an order, vacating that portion of its June 6, 1986, order which denied Brent's motion to expunge void judgment. The trial court held that proper service of process on JoJan of the motion to expunge void judgment was required before the trial court could grant a hearing on Brent's motion to expunge void judgment.

JoJan filed a motion in this court to dismiss the instant appeal, which was ordered taken with the case. In JoJan's motion to dismiss the appeal, JoJan contends that the February 13, 1985, judgment of foreclosure against Brent was not a final order from which an appeal could be taken, but assuming, *arguendo*, that it was a final order, Brent did not file a notice of appeal from the February 13, 1985, judgment of foreclosure within 30 days of its entry, as required by Supreme Court Rule 303 (107 Ill. 2d R. 303(a)). In response, Brent contends in this multiple-party case that, although the February 13, 1985,

judgment of foreclosure may have been a final appealable order, but because the judgment was legally void, for several reasons, the judgment could be attacked by successive motions in the trial court at any time, even after the expiration of the time within which to appeal.

■ Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) provides:

"If multiple parties *** are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties *** *only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.* *** The time for filing the notice of appeal shall run from the entry of the required finding." (Emphasis added.)

■ In the case at bar, the trial court in the judgment for foreclosure found "[t]hat there is no just reason for delaying the enforcement of or appeal from this judgment." A decree of foreclosure and sale with a finding that there is no just reason for delaying enforcement or appeal is a final and appealable order. (See *A.S.S. Wrecking Co. v. Guaranty Bank & Trust Co.* (1971), 2 Ill. App. 3d 66, 77 n.3, 275 N.E.2d 724; 107 Ill. 2d R. 304, Committee Comments.) Therefore, the trial court's February 13, 1985, judgment of foreclosure was final and appealable.

■ Brent contends however that the February 13, 1985, judgment of foreclosure and sale was void. A void judgment may be attacked and vacated at any time. (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 178, 372 N.E.2d 965; *Cockrell v. Smith* (1975), 27 Ill. App. 3d 986, 327 N.E.2d 110; *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 361.) The attack may be either direct or collateral. An application to vacate a judgment made within 30 days of entry is a direct attack; if made after the expiration of the 30 days, it is a collateral attack. (*Chiaro v. Lemberis* (1960), 28 Ill. App. 2d 164, 169, 171 N.E.2d 81.) Thus, if the February 13, 1985, judgment was void, Brent could collaterally attack it. *Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 179.

Brent contends that the judgment of foreclosure is void for several reasons. We find it necessary to consider only one, that the mechanic's lien predicate for JoJan's judgment of foreclosure was void because the complaint for foreclosure was filed more than two years after the date of completion of the contract upon which the mechanic's lien was premised. We agree and reverse.

■ Section 9 of the Mechanics' Liens Act (Ill. Rev. Stat. 1979, ch. 82, par. 9) provides: "If payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the

same becomes due, then such contractor may bring suit to enforce his lien \*\*\* [s]uch suit shall be commenced \*\*\* *within two years after the completion of the contract* \*\*\*. (Emphasis added.)

Brent's post-trial motion to reconsider and his motion to expunge void judgment alleged that the judgment of foreclosure was void because the complaint for foreclosure was filed April 18, 1984, more than two years after the contract's completion date of March 5, 1982, upon which the mechanic's lien was premised. In response to Brent's motions, JoJan filed a special appearance which alleged that service of process upon JoJan by Brent was required before the trial court could grant a hearing on Brent's motion to expunge void judgment. The trial court held that service of process on JoJan was required in order for the court to grant Brent a hearing on his motion to expunge void judgment and denied Brent's vacatur motion.

■ In JoJan's complaint for foreclosure filed April 18, 1984, JoJan alleged that the last day of providing work or material to Brent's property was April 15, 1984, but JoJan did not attach a copy of the claim for lien to its complaint, as the complaint alleged. However, in another complaint for "Foreclosure of a Mechanics Lien and other Relief" filed in the circuit court of Cook County, County Department, Chancery Division, Mechanic's Lien Section, in which JoJan's assignor, R.M.C. Inc., was plaintiff and Robert Brent (defendant herein), and Bob Brent's Food and Liquor, *et al.* were defendants, docket No. 82—CH—4678, the same claim for a mechanic's lien, involved in JoJan's instant complaint against Robert Brent and in the instant appeal, was attached to the complaint in that former proceeding. This former complaint and attached claim for lien is included within the instant record on appeal. That claim for such lien states that "the last of \*\*\* material, fixtures, labor and services was so furnished, delivered and performed on the 5th day of March, 1982." Robert Brent urges that inasmuch as (1) JoJan conveniently and deliberately omitted attaching to its complaint, in the instant appeal, a copy of the claim for lien so that it could be determined thereupon the last date of delivery of the material or the completion date, and (2) JoJan alleged, without any supporting documents, that the last date of delivery of the materials or the completion date was April 15, 1984, and (3) JoJan's assignor's, R.M.C., Inc.'s, former complaint and claim for lien alleged in the former complaint, docket No. 82—CH—4678, which involves the same claim involved herein, the court can take judicial notice of the former proceedings, pleadings, and claims in docket number 82—CH—4678, when the bare allegations in the instant cause are to the contrary. (*Wheeler v. Aetna Casualty & Surety*

*Co.* (1973), 11 Ill. App. 3d 841, 854, 298 N.E.2d 329.) Therefore this court takes judicial notice that according to the complaint and the attached claim for lien in docket number 82—CH—4678, the last of materials, fixtures, labor and services furnished, delivered and performed on Brent's property was March 5, 1982. JoJan had two years from that date to enforce its lien under section 9 of the Mechanic's Lien Act. JoJan's Complaint for Foreclosure in the instant cause was filed on April 18, 1984, more than two years after the March 5, 1982, completion date that the Mechanic's Lien was predicated upon. Therefore the Judgment of Foreclosure is void if March 5, 1982, was in fact the last date in which material, etc. were furnished. Accordingly, we reverse said judgment and remand the cause for further proceedings on the issue of whether the foreclosures action was, in fact, void by reason of the inconsistent allegations of the last date of delivery of the materials, etc. in the two separate actions and for such other actions or proceedings that may be appropriate.

Reversed and remanded with directions.

MURRAY, P.J., and LORENZ, J., concur.