CITY NATIONAL BANK OF MURPHYSBORO, Plaintiff-Appellee, v. ROBERT E. VANCLOOSTERE *et al.*, Defendants-Appellants (Roy Dean Bigham *et al.*, Foreclosure Sale Purchasers-Appellees; Loretta Jane Schneider *et al.*, Defendants).

Fifth District   No. 5—90—0668

Opinion filed July 9, 1992.

Douglas Antonik and M. Keith Smith, both of Mt. Vernon, for appellants.

Edward J. Heller, of Reed, Heller & Mansfield, of Murphysboro, for appellee City National Bank of Murphysboro.

Donald Bigham, of Hohlt, House, DeMoss & Johnson, of Pinckneyville, for appellees Roy Dean Bigham and Orville Bigham.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, the City National Bank of Murphysboro (the Bank), brought an action in the circuit court of Jackson County pursuant to the Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1989, ch. 110, par. 15—1101 *et seq.*) to foreclose on two mortgages it had issued to defendants, Robert E. and Willa Maxine Vancloostere. The Bank's amended foreclosure complaint was filed July 26, 1989. On November 17, 1989, the circuit court entered its judgment of foreclosure. In that judgment, the circuit court specified that the redemption period, which it found to be governed by section 15—1603(b)(1) of the Illinois

Mortgage Foreclosure Law (Ill. Rev. Stat. 1989, ch. 110, par. 15—1603(b)(1)), would expire on February 17, 1990, and that if no redemption occurred within that time, the property was to be sold on March 13, 1990. After making a number of other findings to comport with the requirements of the foreclosure statute, the circuit court made an express written finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason for delaying enforcement or appeal.

Defendants did not appeal, nor did they seek to redeem the property. They did attempt to have the foreclosure sale adjourned on the grounds that plaintiffs had not complied with certain statutory notice requirements, but that motion was denied, and the sale took place as scheduled on March 13, 1990. An order confirming that sale was entered by the circuit court on March 27, 1990. Within 30 days, defendants filed a motion to have the order confirming the sale set aside "on the grounds that the terms of the sale were not fair and that justice was not done by the sale." At the hearing on that motion, defendants argued, among other things, that the Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1989, ch. 110, par. 15—1101 *et seq.*) was unconstitutional because, as applied in this case, it had the effect of retroactively shortening the redemption period. The circuit court rejected this argument on the grounds that it had not been timely raised, and the motion to vacate the order confirming the sale was denied. Defendants now appeal.

As grounds for their appeal, defendants argue that the circuit court's use of the redemption period specified in section 15—1603(b) of the Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1989, ch. 110, par. 15—1603(b)), which was in effect when the foreclosure complaint was filed, rather than the redemption period specified under the predecessor statute, which was in effect when the mortgages were executed, "unconstitutionally impair[ed] their contractual rights in violation of the contract clause of the federal constitution [U.S. Const., art. I, §10]." Although this argument has been ably argued by defendants' counsel, we are constrained to conclude that it is not properly before us for review.

The redemption period was set by the circuit court's November 17, 1989, judgment of foreclosure and sale. That judgment expressly indicated that the redemption period was based on section 15—1603(b) of the Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1989, ch. 110, par. 15—1603(b)), not by the period set forth in the predecessor to that statute. As we have indicated, the circuit court's judgment contained the express written finding required by Supreme Court

Rule 304(a) (134 Ill. 2d R. 304(a)), and there is no question that a judgment of foreclosure and sale which contains such a finding is a final and appealable order. (*Jo Jan Corp. v. Brent* (1989), 182 Ill. App. 3d 70, 73, 537 N.E.2d 956, 958.) Accordingly, if defendants believed that the use of section 15—1603(b) (Ill. Rev. Stat. 1989, ch. 110, par. 15—1603(b)) was improper, that was when the issue should have been raised. Yet, defendants did not file a notice of appeal from that judgment within the time provided by Supreme Court Rule 303 (134 Ill. 2d R. 303). They filed no notice of appeal until now.

Under these circumstances, defendants are foreclosed from directly attacking the circuit court's determination regarding the applicable redemption period. (See *Jo Jan Corp. v. Brent*, 182 Ill. App. 3d at 73, 537 N.E.2d at 958.) Their appeal as to that issue is not timely, and we have no jurisdiction to hear it. (*Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 1013, 377 N.E.2d 161, 166.) Because defendants have advanced no cognizable basis for a collateral attack on the circuit court's ruling, their appeal must therefore be dismissed.

Appeal dismissed.

W. LEWIS and RARICK, JJ., concur.